UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin McHugh and,
Connie McHugh,

    Plaintiffs,

v.                                                                          Case No.: 11-11697
                                                                            Honorable Sean F. Cox
U.S. Bank National Association ND, and
Success Mortgage Partners, Inc.,

    Defendants.

_____/

OPINION & ORDER GRANTING
DEFENDANTS' MOTIONS TO DISMISS

In this action, Plaintiffs asserts numerous claims against Defendants relating to a residential loan secured by property located at 1521 Crooks Rd., Royal Oak, Michigan ("the Property"). The matter is currently before the Court on Defendant U.S. Bank's Motion to Dismiss and Defendant Success Mortgage Partners, Inc.'s Motion to Dismiss, both pursuant to FED. R. CIV. P. 12(b)(6). The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court GRANTS both motions to dismiss.

BACKGROUND

On or about March 16, 2011, Plaintiffs Kevin McHugh and Connie McHugh (collectively, "Plaintiffs") filed this action against U.S. Bank National Association, N.D. ("U.S. Bank") and Success Mortgage Partners, Inc. ("SMP"). On April 19, 2011, U.S. Bank removed this action to this Court based upon federal question jurisdiction.

1

Plaintiffs complaint asserts the following five state and federal claims against Defendants: "Real Estate Settlement Procedures Act (Illegal Kickback)" (Count I); "Michigan Mortgage Brokers, Lenders and Services Act" (Count II); "Fraud" (Count III); "Civil Conspiracy" (Count IV); and "Equal Credit Opportunity Act" (Count V). (Complaint, D.E. No. 1, Ex. A).

On May 11, 2011, this Court remanded the state-law claims to state court. (D.E. No. 7). The remaining claims before this Court are Plaintiffs' Real Estate Settlement Procedures Act (RESPA) claim and Plaintiffs' Equal Credit Opportunity Act (ECOA) claim.

On April 26, 2011, U.S. Bank filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). (D.E. No. 6). Similarly, on May 31, 2011, SMP filed a motion to dismiss, also pursuant to FED. R. CIV. P. 12(b)(6). (D.E. No. 15).

On July 25, 2011, the Oakland County Circuit Court dismissed all of Plaintiffs' state-law claims against Defendants.

After Plaintiffs failed to respond to Defendants' motions to dismiss, the Court issued an Order to Show Cause on August 24, 2011. (D.E. No. 17). On August 30, 2011, Plaintiffs responded to the Court's order, as well as to Defendants' motions. (Plfs' Resp., D.E. No. 18).

According to Plaintiffs' complaint, and the undisputed documentary evidence submitted by Defendants, the facts are as follows.

On March 27, 2006, Plaintiffs refinanced their home and executed a Note and Mortgage in the amount of $309,000.00. U.S. Bank is the mortgage lender and SMP served as the mortgage broker. The terms of the note reflect a fixed interest rate of 7.75% for 15 years, followed by a balloon payment. (Complaint, Ex. D). Plaintiffs' HUD-I Settlement Statement,

reflects that SMP received a broker fee of $7,571.00 and a yield spread premium of $3,090.00. (Complaint, Ex. E).

Plaintiffs allege that they did not receive the closing documents prior to the closing date and were "rushed through signing the documents and did not have time to adequately review each document." (Complaint at ¶ 10). Plaintiffs also allege that they were not informed of the yield spread premium received by SMP.

Plaintiffs now request that the Court enjoin Defendants from enforcing the note and mortgage, declare the mortgage contract void "due to fraud on the contract," and award actual and punitive damages.

## LEGAL STANDARD

Defendants bring their motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

## ANALYSIS

3

I.        Plaintiffs' RESPA Claim is Time-Barred.

Plaintiffs allege that Defendants violated 12 U.S.C. § 2607(a) and (b), as well as C.F.R. § 3500.14(c) by charging a yield spread premium "tied solely to the extent to which the broker was able to obtain a higher interest rate for Plaintiffs' loan." (Complaint at ¶21).

Section 2607(a) of RESPA prohibits giving or receiving "any fee, kickback, or thing of value pursuant to any agreement . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Section 2607(b) of RESPA prohibits giving or receiving "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).

Both Defendants assert that Plaintiffs' RESPA claim is barred by RESPA's one-year statute of limitations. Section 2614 of RESPA provides that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction . . . within . . . 1 year in the case of a violation of section 2607 . . . from the date of the occurrence of the violation." 28 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc*. 556 F.3d 415, 421 (6th Cir. 2009). In this case, Plaintiffs did not file their complaint until March 16, 2011 – nearly fives years after Plaintiffs closed on their mortgage transaction on March 27, 2006.

In response, Plaintiffs contend that the statute of limitations on their RESPA claim should be equitably tolled because: 1) Defendants wrongfully concealed their actions; 2) Plaintiffs did not discover the RESPA violations until after the statute of limitations had run; and 3) Plaintiffs

did due diligence until they discovered the facts that are the basis for the cause of action.

Plaintiffs' claims are without merit. First, Plaintiffs do not make any allegations of fraudulent concealment of the yield spread premium in their complaint. Instead, Plaintiffs make conclusory allegations of fraudulent misrepresentation related to the true interest received by Plaintiffs. Within their fraud claim, which was eventually dismissed in state court after this Court remanded Plaintiffs' state-law claims, Plaintiffs do not make any references to illegal kickbacks, fees, or yield spread premiums. As a result, any allegations of fraudulent concealment that Plaintiffs now assert are not plead with particularity, as required by FED. R. CIV. P. 9(b). "[G]eneralized and conclusory allegations that defendants' conduct was fraudulent are insufficient" to meet the standards of Fed. R. Civ. P. 9(b). *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir. 1990). Here, Plaintiffs merely make conclusory remarks in their response brief in an effort to convince the Court to equitably toll the statute of limitations.

Second, as acknowledged by Plaintiffs' in their complaint, SMP's broker fee and yield spread premium are clearly disclosed on the face of Plaintiffs' HUD-1 Settlement Statement. (Complaint, Ex. E). Thus, Plaintiffs' complaint contradicts their new allegations that they exercised due diligence until discovery of the operative facts that are the basis of their RESPA claim. Plaintiffs allege that they received their closing documents on March 27, 2006 – the date of closing. (Complaint at ¶ 10). Even if SMP's broker fee and yield spread premium violated § 2607 of RESPA, which this Court does not so find, Plaintiffs could have become aware of these fees immediately upon receipt of the closing documents, and well within the year after the closing date.

Because Plaintiffs' complaint and response are void of any facts that state a claim for

fraudulent concealment, and also because Plaintiffs were aware of SMP's broker fee and yield spread premium on the date of closing, the Court finds that the RESPA statute of limitations should not be tolled. Accordingly, Plaintiffs' RESPA claim is time-barred.

II.     Plaintiffs' ECOA Claim is Time-Barred.

Plaintiffs also allege that Defendants violated § 1691(d) of the ECOA by "refusing to grant Plaintiffs credit on substantially the terms requested based on Plaintiffs' reasonable expectation" and failing to "offer Plaintiffs an interest rate based on the financial information Plaintiffs provided on the loan application." (Complaint at ¶¶43, 46). Defendants assert that Plaintiffs' ECOA claims are barred by ECOA's two-year statute of limitations.

This Court agrees that, like Plaintiffs' RESPA claim, Plaintiffs' ECOA claim is barred by the statute of limitations. Section § 1691e(f) of the ECOA provides, "No such action shall be brought later than two years from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1691e(f). As the statute explicitly states, the statute of limitations on ECOA claims accrue at the time the alleged violation occurs. *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 879 (6th Cir. 2002). Plaintiffs obtained their mortgage loan on March 27, 2006, and did not file this action until March 16, 2011. Accordingly, Plaintiffs' ECOA claims are barred by the two-year statute of limitations.

Plaintiffs again contend that the statute of limitations should be tolled for the same reasons they believe their RESPA claims should be tolled. For the same reasons discussed in Part I, above, this Court declines to toll the statute of limitations. Plaintiffs ECOA claims are therefore time-barred.

CONCLUSION

6

For the reasons stated above, IT IS HEREBY ORDERED that Defendant U.S. Bank National Association ND's Motion to Dismiss (D.E. No. 6) is GRANTED.

IT IS FURTHER ORDERED that Success Mortgage Partners, Inc.'s Motion to Dismiss (D.E. No. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager